# CHARLESTON

### GRIFFITH v. ADAIR.

### Submitted June 17, 1914. Decided June 30, 1914.

1. LIMITATION OF ACTIONS—*Postponement—Agreement to Pay Annuity.*

   An agreement to pay an annuity, making no reference in any way to the existence of an antecedent debt, the interest on which would equal the annual payments, nor in any way suggesting the payments stipulated for are interest, cannot be regarded as evidence of such debt or of the postponement of payment thereof, until the time of cessation of the annual payments. (p. 648).

2. EVIDENCE—*Parol—Agreement to Pay Annuity.*

   Nor can parol evidence be admitted to broaden or extend its operation so as to give it such effect. (p. 648).

3. LIMITATION OF ACTIONS—*Maturity of Debt—Presumption.*

   Pre-existing indebtedness of the person obligating himself to pay such an annuity, shown by his admission, accompanied by his further admission that the payments contemplated were interest on the debt, is presumed, in the absence of evidence to the contrary, to have been due and payable at the date of the annuity agreement. (p. 648).

Error to Circuit Court, Monroe County.

Assumpsit by J. F. Griffith, executor, against R. W. Adair. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*R. F. Dunlap,* for plaintiff in error.

*T. N. Read,* for defendant in error.

POFFENBARGER, JUDGE:

In this action of assumpsit, on the common counts and a special one, by an executor, to collect the principal of an alleged debt, on which all interest has been paid, the court directed a verdict for the defendant, deeming the debt to have been barred by the statute of limitations or to have been released in consideration of an annuity to the payment of which the debtor bound himself by an instrument sealed and dated, March 6, 1891.

The declaration charges the existence of indebtedness from the defendant to the testatrix, prior to Mar. 6, 1891, which she permitted him to keep and retain as a loan, until her death, in consideration of his agreement to pay her the interest thereon annually. No note or other written evidence of the original debt was produced, nor is there any oral evidence tending to prove the amount claimed. The executor found no note and had no personal knowledge of the alleged debt. A girl who had lived with the testatrix, almost all the time, from 1885, until the date of her death, in April 1911, and had access to her papers, knew nothing of any note for the amount claimed. Nothing in the form of written evidence of any obligation on the part of the defendant was adduced, except an instrument reading as following: ''I, R. W. Adair promise and bind myself my heirs executors &c to pay to Mrs. Nancy Adair the sum of twenty four 34-100 dollars yearly on the first day of March, 1892, and in each succeeding year, so long as the said Nancy Adair shall live, the said yearly payments to begin the 1st day of March, 1892. Given under my hand and seal this 6th day of March, 1891. R. W. Adair. Seal.'' The girl testified that the defendant had often called and paid what she termed the interest, the annual payment stipulated in the instrument just quoted. As evidence of an admission, a part of the testimony of the defendant in another proceeding was introduced, without objection. This was to the effect that, prior to Mar. 6, 1891, he had owed the testatrix about $300.00, and

she, agreeing never to collect it, if he would pay the interest on the amount annually, as long as she should live, had surrendered the note to him and taken in lieu thereof his written obligation to make the annual payment of $24.34.

A sufficient plea of the statute of limitations interposed raises· two questions: (1) whether, assuming the existence of a debt, on March 6, 1891, the paper put in evidence postponed the day of payment, until the date of the death of the creditor; and (2) whether the debt as admitted is, independently of such writing, barred by the statute, or, rather whether it was due and payable at the date of the execution of said, paper, so as to set the statute in operation.

Unaided by oral testimony, the paper shows no pre-existing debt. It makes no reference to any indebtedness at all other than the amounts for which it obligated the defendant. It is an agreement to make certain annual payments and that only. If it had been executed after the alleged debt had become barred, it would not be sufficient as a new promise, for such a promise must be in writing and clear, by its terms or implication. *Abrahams* v. *Swann,* 18 W. Va. 274.; *Stiles* v. *Oil & Coal Co.,* 47 W. Va. 838; *Quarrier's Adm'r.* v. *Quarrier's Heirs,* 36 W. Va. 310. No word in it suggested any debt which could be so revived. If the promise to pay interest on a debt in future would suffice, the paper would still be inadequate, because the sums agreed to be paid are not designated as interest.· No inference of an agreement to pay an existing debt at a future date can possibly arise from its terms. By the same course of reasoning, the impossibility of making it lengthen the time of payment of a debt not barred is demonstrable. Nor can any addition to its terms be made by resort to parol evidence. It is a contract in writing which can neither be narrowed nor extended by oral evidence.

The admission above referred to is the only evidence of any debt. While it does not show whether the debt was due, so as to start the statute, or not, the reasonable inference arising from the facts stated is that it was then due, for the parties deemed it advisable to make a new arrangement for which there could have been no occasion, if the debt was to

run during the life of the creditor. Bearing interest, as it presumptively did, the creditor's situation would have been far better without the new arrangement than with it.

Our conclusion is that the debt, if any, was barred by the statute, and, as no claim is made as to any installments under the agreement shown, all of them having been paid, the court properly directed a verdict for the defendant. Hence the judgment will be affirmed.

*Affirmed.*